NO. 07-09-0311-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2009
______________________________

CLIFFORD FAIRFAX,

                                                                                                           Appellant
v.

PHYLLIS LARUE, NURSE PRACTITIONER, TEXAS
DEPT. OF CRIMINAL JUSTICE - PAROLE DIVISION,
W.P. (BILL) BATEN INTERMEDIATE SANCTION FACILITY,

                                                                                                           Appellees_________________________________

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 34,669; HONORABLE LEE WATERS, JUDGE
_______________________________

MEMORANDUM OPINION
 _________________________________
 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Clifford Fairfax (appellant) filed a pro se notice of appeal seeking to contest the trial
court’s order dismissing his mandamus proceeding. We dismiss the appeal. 
          The clerk’s record was filed with this court on September 24, 2009, and a
supplemental clerk’s record was filed on October 13, 2009. There is no reporter’s record
to file. Thus, appellant’s brief fell due on November 12, 2009. On October 21, 2009, he
moved for extension of time to file his brief. We granted the motion and informed appellant
that his brief was due November 30, 2009. So too was he notified in writing that no further
extensions would be granted and that the failure to file his brief would result in the
dismissal of his appeal for want of prosecution. No brief has been received from him, and
the November 30th deadline has lapsed. And, instead of filing the requisite brief, he moved
for another extension of the deadline. The extension was purportedly needed so that the
trial court could rule on a recently filed motion to reinstate his suit, a motion that we
calculate to be untimely. 
          Appellant having failed to file his appellate brief as directed by this court and having
failed to proffer any other acceptable reason for further extending the briefing deadline, we
deny his motion and dismiss the appeal for want of prosecution. Tex. R. App. P. 38.8(a)(1);
42.3(b).
                                                                           Per Curiam



pport a conclusion of
lack of confidence in the results of the proceeding, or (2) a specific demonstration of
prejudice will not support a finding of ineffective assistance of counsel. See Bone v. State,
77 S.W.3d 828, 836-37 (Tex.Crim.App. 2002). We are not to reverse for counsel's failure
to investigate unless the consequence of the failure to investigate "is that the only viable
defense available to the accused is not advanced . . . [and] there is a reasonable
probability that, but for counsel's [failure to advance the defense], the result of the
proceeding would have been different." See McFarland, 928 S.W.2d at 501. 

 Appellant points to no record evidence to support his claim of ineffectiveness. He
offers no proof that counsel failed to investigate. He does not claim evidence exists which
was available to discover, even if we were to speculate that counsel did not investigate. 
He does not point out how some such evidence, even if it existed, would have probably
caused a different result.

 We will not speculate that counsel failed to investigate. Nor will we speculate that
evidence existed which would have been relevant to appellant's punishment hearing. See
Bone, 77 S.W.3d at 836-37. 

 Appellant has failed to make the required showing of either deficient performance
or sufficient prejudice. See McFarland, 928 S.W.2d at 500. 

 Appellant's sole issue is overruled. The judgment is affirmed. 


 Phil Johnson

 Chief Justice




Do not publish.